**Guadalupe Carrillo FERNANDEZ, Appellant,**

v.

**The STATE of Texas, Appellee.**

**Nos. A14–90–217–CR, B14–90–218–CR, C14–90–219–CR.**

Court of Appeals of Texas, Houston (14th Dist.).

July 18, 1991.

Rehearing Overruled Sept. 12, 1991.

Terri Tipton Holder, Angleton, for appellant.

Kelly McClendon, Angleton, for appellee.

Before J. CURTISS BROWN, C.J., and MURPHY and CANNON, JJ.

## OPINION

MURPHY, Justice.

This is a consolidated appeal. In the court below, appellant was charged by multiple indictments for offenses arising out of one criminal episode. In trial court cause numbers 19,731 and 19,732, appellant was charged with delivery of marijuana weighing more than four ounces but less than five pounds. Trial court cause number 19,-733 contained two counts. In count one, appellant was charged with delivery of marijuana weighing more than five pounds but less than fifty pounds, and count two, he was charged with possession of marijuana weighing more than five pounds but less than fifty pounds.

Appellant entered a plea of guilty before the jury to all four offenses. He was convicted, and the jury assessed punishment at five years' confinement in cause number 19,731, ten years' confinement in cause number 19,732, twenty-five years' confinement in count one of cause number 19,733 and fifteen years' confinement in count two of cause number 19,733. In sentencing appellant, the trial court ordered that the sentence in cause number 19,732 would commence when appellant completed serving the five-year sentence in cause number 19,731, and that the sentence in cause number 19,733 would commence when appellant completed serving the ten-year sentence in cause number 19,732. In his sole point of error, appellant complains that the trial court erred in cumulating his sentences. Finding this point of error to be meritorious, we modify the judgments and sentences of the trial court.

This case arises from the following facts. Appellant agreed to sell various quantities of marijuana to an undercover law enforcement officer on three separate occasions. On the first occasion, the officer purchased two small bags of marijuana, and on the second occasion, he purchased four quarter-pound bags. On the final occasion, the officer arranged to purchase ten one-pound bags of marijuana from appellant. When the final transaction was completed, appellant was arrested at his residence. Thereafter, the residence was searched, and au-

thorities discovered additional quantities of marijuana hidden throughout the house. Based upon these facts, appellant was charged by three indictments with three counts of delivery of marijuana and one count of possession of marijuana. The cases were consolidated in the court below and tried in one action before the same jury.

■ Appellant contends that the trial court erred in cumulating the sentences because concurrent sentences are mandated by TEX.PENAL CODE ANN. § 3.03 (Vernon 1974). Section 3.03 provides:

When the accused is found guilty of more than one offense arising out of the same criminal episode prosecuted in a single criminal action, sentence for each offense for which he has been found guilty shall be pronounced. Such sentences shall run concurrently.

We find § 3.03 to mandatory in nature and conclude that the trial court's cumulation of appellant's sentences contravenes the plain language of the statute. However, the state argues that § 3.03 is inapplicable in this case, because the offenses for which appellant was convicted did not arise out of the "same criminal episode," and because appellant was not prosecuted in a "single criminal action." These contentions will be addressed separately.

In its brief, which contains approximately a page and a half of argument, the state boldly asserts, without any citation of authority or reference to the record, that "[a]ppellant's premise, that the three convictions constitute a criminal episode, is simply without support in the record." In view of the facts of this case and the statutory definition of "criminal episode," we find the state's assertion to be somewhat incredible. TEX.PENAL CODE ANN. § 3.01 (Vernon Supp.1991) provides that "criminal episode" means:

[T]he commission of two or more offenses, regardless of whether the harm is directed toward or inflicted upon more than one person or item of property, under the following circumstances:

(1) the offenses are committed pursuant to the same transaction or pursuant to two or more transactions that are connected or constitute a common scheme or plan; or

(2) the offenses are the repeated commission of the same or similar offenses.

■ It is clear from the record in this case that the offenses for which appellant was convicted arose out of a single "criminal episode" as that term is defined under both § 3.01(1) and § 3.01(2). Specifically, we find that appellant's sales of marijuana to the undercover officer and the subsequent discovery of marijuana in appellant's residence were offenses committed pursuant to transactions that were connected or constituted a common scheme or plan. Likewise, it is obvious that appellant's convictions for delivery of marijuana and possession of marijuana resulted from the repeated commission of the same or similar offenses. Accordingly, we find the state's contention that the offenses did not arise out of the same criminal episode to be completely without merit.

■ The state argues further that § 3.03 is inapplicable to the facts of this case, because appellant was not prosecuted in a single criminal action. The term "single criminal action" is not defined in the Penal Code, but we find no difficulty in construing it in the context of this case. If a single criminal proceeding involving one defendant that is conducted on one day in one courtroom before one judge and jury does not constitute a "single criminal action," we are unable to say what would. In support of its contention, the state relies upon *Smith v. State*, 575 S.W.2d 41 (Tex. Crim.App. [Panel Op.] 1979), which holds that § 3.03 is not applicable where the state does not give a defendant notice of its intent to consolidate indictments into a single action as required by TEX.PENAL CODE ANN. § 3.02(b) (Vernon 1974). *See id.* at 42. For the reasons stated below, we conclude that *Smith* is not dispositive of the issue presented by this appeal.

When a single criminal action is based on

more than one indictment, § 3.02(b) [1] *mandates* that the state file written notice of the action not less than thirty days prior to the trial. *See* TEX.PENAL CODE ANN. § 3.02(b) (Vernon 1974). The purpose of § 3.02(b) is to give both the trial court and the defendant notice of the state's intent to prosecute multiple indictments in a single criminal action. Searcy & Patterson, Practice Commentary, TEX.PENAL CODE ANN. § 3.02 (Vernon 1974). This notice is important for reasons of both practicality and due process, because the indictments alone are insufficient to inform either the court or the defendant of the state's intent to consolidate. *See id.* In this case, the trial court's docket sheets reflect that the three causes were consolidated by agreement. However, in view of the fact that a defendant has a mandatory right to severance under § 3.04 of the Penal Code, *see, e.g., Ford v. State,* 782 S.W.2d 911, 912 (Tex. App.—Houston [14th Dist.] 1989, no writ), we view these notations as reflecting no more than the defendant's acquiescence to the state's consolidation of the causes. The state submits in its brief that *Smith* is dispositive of appellant's complaint, because the state did not file a motion for joinder under § 3.02(b) in this case. Section 3.02(b), however, does not require that a formal motion for joinder be filed. Rather, § 3.02(b) requires only that the state give the trial court and the defendant written notice of its intent to prosecute multiple indictments in a single criminal action not less than thirty days before trial.

Documents contained in the record in this case indicate quite clearly that both the defendant and the trial court were on notice more than thirty days before trial that the three causes would be tried in a single criminal action. The record is silent as to whether the state complied with the mandatory language of § 3.02(b) by filing a written notice of its intent to consolidate the causes prior to trial. However, in the absence of any evidence in the record to the contrary, we will assume that the state did not ignore the mandates of § 3.02(b). Accordingly, we hold that the trial court erred in failing to order that appellant's sentences shall run concurrently as required by TEX.PENAL CODE ANN. § 3.03 (Vernon 1974).

Appellant's point of error is sustained. We note that where error is such that it is remediable by this court, it will not serve as cause for reversal. Accordingly, we order that the judgments and sentences of the trial court be modified so as to order that appellant's sentences in cause numbers 19,731, 19,732 and 19,733 shall run concurrently. As so modified, the judgments and sentences of the trial court are affirmed.

---

**1.** TEX.PENAL CODE ANN. § 3.02(b) (Vernon 1974) provides:

When a single criminal action is based on more than one charging instrument within the jurisdiction of the trial court, the state shall file written notice of the action not less than 30 days prior to the trial.