Jim Mapel, Dist. Atty., Kelly McClendon, Asst. Dist. Atty., Angleton, Robert Huttash, State's Atty., Austin, for the State.

The STATE of Texas

v.

Guadalupe Carrillo FERNANDEZ, Appellant.

Nos. 1189–91 to 1191–91.

June 17, 1992.

## OPINION ON STATE'S PETITIONS FOR DISCRETIONARY REVIEW

OVERSTREET, Judge.

Appellant was tried in a consolidated trial by jury on three separate indictments. Two of the indictments each charged him with delivery of marijuana while the third indictment charged him with another marijuana delivery and a separate count of marijuana possession. After appellant plead guilty to all of the charges in the 23rd Judicial District Court of Brazoria County, Texas, a jury assessed punishment for each alleged offense. Specifically, appellant was sentenced to five and ten years imprisonment respectively for the two separately indicted marijuana delivery offenses. On the two-count indictment, he was sentenced to 15 years imprisonment for the marijuana possession and 25 years imprisonment for that marijuana delivery. The trial court ordered that the ten-year sentence begin when the judgment/sentence of the five-year sentence "shall have ceased to operate[,]" and that the 25 and 15–year sentence begin when the ten-year judgment/sentence "shall have ceased to operate." In other words, the sentences from the three separate indictments were ordered to be served consecutively.[1]

On appeal, appellant claimed that the trial court erred by improperly cumulating

1. At formal sentencing, the trial court explicitly stated the following:

the sentences. The Fourteenth Court of Appeals agreed and modified the judgments and sentences to order that the sentences from the three indictments run concurrently. *Fernandez v. State,* 814 S.W.2d 417 (Tex.App.—Houston [14th Dist.] 1991). It found that all of the alleged offenses arose out of a single "criminal episode" as defined by V.T.C.A. Penal Code, § 3.01, and that the "single criminal proceeding involving one defendant that [wa]s conducted on one day in one courtroom before one judge and jury" constituted a "single criminal action" as described in V.T.C.A. Penal Code, §§ 3.02 and 3.03. *Id.* at 419. Thus, it concluded that the trial court erred in failing to order that the sentences run concurrently as required by § 3.03. *Id.* at 420.

We granted the State's petitions for discretionary review on the sole ground, which avers that the court of appeals erred in holding that the trial court improperly cumulated the sentences. The State specifically argues that in the absence of the written notice of consolidation/joinder as required by § 3.02(b), a single prosecution on multiple indictments does not constitute a single criminal action, thus making § 3.03 inapplicable.

Our recent opinion in *Laporte v. State,* 832 S.W.2d 597 (Tex.Cr.App.1992), addressed an identical issue and is dispositive of the issue raised in the instant cause. Therefore the judgment of the court of appeals is affirmed.

MALONEY, J., not participating

In short, I am giving you five, I am stacking ten and I am stacking both the fifteen and the twenty-five on top of the ten. Fifteen and twenty-five will be served concurrently one with the other, but [the two-count sentence] will be stacked on [the ten-year sentence] which will be stacked on [the five-year sentence] which means you have got in effect a forty-year sentence.