Ibn Khedru 'Ankh v. TDCJ ID















IN THE
TENTH COURT OF APPEALS
 

No. 10-99-367-CV

Â Â Â Â Â IBN KHEDRU âANKH,
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Appellant
Â Â Â Â Â v.

Â Â Â Â Â TDCJ ID,
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Appellee
 

From the 52nd District Court
Coryell County, Texas
Trial Court # 99-32688
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 
MEMORANDUM OPINION
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 
Â Â Â 
Â Â Â Â Â Â Pugh, an inmate in the Texas Department of Criminal Justice - Institutional Division,
brought suit against the Department, several state employees, and Judge Philip Zeigler for
alleged civil rights violations. The court dismissed Judge Zeigler as a defendant, but the suit
against the remaining defendants is still pending. Pugh attempts to appeal from the courtâs
partial dismissal order. Pugh is also attempting appeal of a motion for recusal which was filed
in the trial court and denied by the sitting judge.
Â Â Â Â Â Â Except for the types of appealable interlocutory orders enumerated in section 51.014 of the
Texas Civil Practices and Remedies Code, the appellate jurisdiction of this court extends only
to final judgments. City of Houston v. Kilburn, 849 S.W.2d 810, 811 (Tex. 1993); see also
Tex. Civ. Prac. & Rem. Code Â§ 51.014 (Vernon 1999). In order to be âfinal,â a judgment
must dispose of all parties to the case and all issues in dispute. North East Independent School
Dist. v. Aldridge, 400 S.W2d 893, 895 (Tex. 1966). Neither of the orders complained of in
this appeal are final. This Court has no jurisdiction over non-appealable interlocutory orders. 
See Hood v. Amarillo Natâl Bank, 815 S.W.2d 545, 547 (Tex. 1991). This appeal is dismissed
for want of jurisdiction.

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â PER CURIAM

Before Justice Vance,
Â Â Â Â Â Â Justice Gray, and
Â Â Â Â Â Â Chief Justice McDonald (Retired)
Dismissed for want of jurisdiction
Opinion delivered and filed March 1, 2000
Do not publish



ee Tex.
Penal Code Ann. § 22.021(a)(1)(B)(iii), (2)(B) (Vernon Supp. 2010).Â  The
indictment did not allege penetration, nor did the chargeÂs application
paragraph.Â  C.K. testified
that when she was six years old, she and her mother lived with her momÂs best
friend Heather and HeatherÂs two daughters, as well as HeatherÂs mother Rhonda
and RhondaÂs husband Roberts.Â  When
asked what she calls Âthe place where you pee-pee from,Â C.K. stated that she
calls it her Âtu-tu.Â Â C.K.
testified that while in the shed on RobertsÂs property, he Âput his tongue on
my tu-tu.ÂÂ  C.K. stated that no one else has ever
done this to her and she was not told to make these things up.

A child victimÂs testimony alone is
sufficient to support a conviction for aggravated sexual assault.Â  Tex. Code Crim. Proc. Ann. art.
38.07(a) (Vernon 2005); Tear v. State, 74 S.W.3d 555, 560 (Tex.
App.ÂDallas 2002, pet. refÂd). Â Viewing all the evidence in the light most
favorable to the verdict, we conclude that the evidence is sufficient to
support RobertsÂs conviction in cause number 10-10-00075-CR.

10-10-00076-CR

To obtain a conviction for aggravated
sexual assault based on the allegations in the indictment in cause number
10-10-00076-CR, the State was required to prove beyond a reasonable doubt that
Roberts intentionally or knowingly caused the penetration of the sexual organ
of T.B., a child under the age of fourteen, by his finger. Â See Tex. Penal Code Ann. Â§
22.021(a)(1)(B)(i), (2)(B). Â The State may prove penetration by circumstantial
evidence.Â  Villalon v. State, 791 S.W.2d 130, 133 (Tex. Crim. App.
1990); Murphy v. State, 4 S.W.3d 926, 929 (Tex. App.ÂWaco 1999, pet.
refÂd).Â  The victim need not testify as to penetration.Â  Villalon, 791
S.W.2d at 133; Murphy, 4 S.W.3d at 929.Â  Evidence of the slightest
penetration is sufficient to uphold a conviction, so long as it has been shown
beyond a reasonable doubt.Â  Luna v. State, 515 S.W.2d 271, 273 (Tex. Crim. App. 1974); Murphy, 4 S.W.3d at 929.Â  In Vernon v. State,
the Court of Criminal Appeals determined what constitutes a ÂpenetrationÂ for
purposes of aggravated sexual assault, stating: 

Thus, in common parlance, mere contact
with the outside of an object does not amount to penetration of it.Â  But
pushing aside and reaching beneath a natural fold of skin into an area of the
body not usually exposed to view, even in nakedness, is a significant intrusion
beyond mere external contact.Â  Consequently, it is not ungrammatical to
describe AppellantÂs touching of complainant in this case as a penetration, so
long as contact with the injured part of her anatomy could reasonably be
regarded by ordinary English speakers as more intrusive than contact with her
outer vaginal lips.

Â  

841 S.W.2d 407, 409 (Tex. Crim. App.
1992); see Murphy, 4 S.W.3d at 929.

T.B. testified that when she was seven
years old, C.K. was a friend who lived on the same street that she did and whom
she would visit at her house. Â When asked what she calls Âthe place on your
body where you pee-pee from,Â T.B. testified that she calls it her Âpee-pee.ÂÂ  One
night when she spent the night at RobertsÂs house, Roberts touched her pee-pee
with his hand both on top of and underneath her clothes.Â  When asked what he
did with his hand underneath her clothes, she replied that he rubbed her
pee-pee.Â  When further questioned whether she remembered if his hand went
inside her pee-pee, she replied that she did not remember.

Dr. Ann Sims, the medical director for
the Advocacy Center for Crime Victims and Children in Waco, also testified; she
had examined both T.B. and C.K.Â  Dr. Sims stated that when she asked T.B. why
she had come to the Advocacy Center, T.B. hid her head in her legs and said
that Roberts had done something to her and C.K.Â  Dr. Sims stated that T.B. told
her

[h]e had touched their private area with
his weaner [sic] and his fingers.Â  She went on to say that it didnÂt go inside
her private area, but it hurt, and did not cause her to bleed.Â  She said that
he also pulled her pants down and put his weaner [sic] on her bottom or her
butt.

Â 

When later asked why T.B. would feel
some type of pain in her vaginal area, Dr. Sims stated that the Âmost likely
thing to cause pain is touching that hymenÂ and that, for something to touch
the hymen, it would have to penetrate the outer and inner lips of the female
sexual organ to get to the hymen.Â  Dr. Sims testified that the results of
T.B.Âs physical exam were normal, which she expected, because, unless a child
is seen within the first twenty-four hours or unless the child has a history of
bleeding, the chance of the child having anything but a normal exam is less
than ten percent.

Roberts argues that the evidence is
legally insufficient to support his conviction because T.B. never stated that
his actions even reached the point of Âslight penetration.ÂÂ  However, T.B. did not need to directly
testify as to the penetration for the State to prove the element.Â  See
Villalon, 791 S.W.2d at 133.Â  In this case, Dr. SimsÂs testimony that T.B.
told her that Roberts touched her private area with his fingers and that it
hurt, in addition to Dr. SimsÂs testimony that T.B.Âs pain was most likely
caused by the touching of the hymen, which would require the penetration of the
outer and inner lips of the female sexual organ, is sufficient to embrace the
essential element of penetration.Â  See Mosley v. State, 141 S.W.3d 816,
823 (Tex. App.ÂTexarkana 2004, pet. refÂd) (holding other evidence sufficient
to establish penetration even though victim testified that defendant only
touched her on outside of her clothes and that it only hurt on outside of her
ÂbootyÂ).Â  Viewing all the evidence in the light most favorable to the verdict,
we conclude that the evidence is sufficient to support RobertsÂs conviction in
cause number 10-10-00076-CR.

10-10-00080-CR

Lastly, contrary to RobertsÂs contention
in his brief, to obtain a conviction for aggravated sexual assault based on the
allegations in the indictment in cause number 10-10-00080-CR, the State was
required to prove beyond a reasonable doubt that Roberts intentionally or
knowingly caused the sexual organ of T.B., a child under the age of fourteen,
to contact his sexual organ.Â  See Tex. Penal Code Ann. Â§ 22.021(a)(1)(B)(iii), (2)(B). Â The
indictment did not allege penetration, nor did the chargeÂs application
paragraph.Â  T.B. stated
that while at RobertsÂs house, RobertsÂs pee-pee touched her pee-pee. Â T.B.
testified that she was not told to make these things up. Â 

Again, a child victimÂs testimony alone is sufficient to support a
conviction for aggravated sexual assault.Â  Tex.
Code Crim. Proc. Ann. art. 38.07(a); Tear, 74 S.W.3d at 560.Â  Viewing
all the evidence in the light most favorable to the verdict, we conclude that the
evidence is sufficient to support RobertsÂs conviction in cause number 10-10-00080-CR.

Notice of Intent to Consolidate

Â Â Â Â Â Â Â Â Â Â Â  In his identical second
issues in cause numbers 10-10-00075-CR, 10-10-00076-CR, and 10-10-00080-CR and identical
first issues in cause numbers 10-10-00077-CR, 10-10-00078-CR, and
10-10-00079-CR, Roberts argues that the trial court erred in joining the six
indictments for a single trial.Â  Specifically, Roberts contends that the State violated
section 3.02(b) of the Penal Code by failing to give the trial court and the
defendant written notice of its intent to prosecute multiple indictments in a
single criminal action not less than thirty days before trial.Â  See Tex. Penal Code Ann. Â§ 3.02(b) (Vernon 2003);
Fernandez v. State, 814 S.W.2d 417, 419-20 (Tex. App.ÂHouston [14th
Dist.] 1991), affÂd, 832 S.W.2d 600 (Tex. Crim. App. 1992).Â  However,
after Roberts filed his brief in each of these appeals, a supplemental clerkÂs
record was filed in each cause containing the StateÂs written notice of intent
to prosecute the six indictments in a single trial.Â  The notice was filed more
than thirty days before trial.Â  Thus, we overrule RobertsÂs second issue in
cause numbers 10-10-00075-CR, 10-10-00076-CR, and 10-10-00080-CR and his first
issue in cause numbers 10-10-00077-CR, 10-10-00078-CR, and 10-10-00079-CR.

Â Â Â Â Â Â Â Â Â Â Â  Having overruled all
RobertsÂs issues in all six appeals, we affirm the trial courtÂs judgment in
each appeal.

Â 

REX D. DAVIS

Justice

Â 

Before
Chief Justice Gray,

Justice Davis, and

Justice Scoggins

Affirmed

Opinion
delivered and filed May 4, 2011

Do
not publish

[CRPM]

Â