John Cleveland Martin v. State















IN THE
TENTH COURT OF APPEALS
 

No. 10-01-335-CR

Â Â Â Â Â JOHN CLEVELAND MARTIN,
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Appellant
Â Â Â Â Â v.

Â Â Â Â Â THE STATE OF TEXAS,
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Appellee
 

From the County Criminal Court at Law No. 12
Harris County, Texas
Trial Court # 1046869
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 
O P I N I O N
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 

Â Â Â Â Â Â John Cleveland Martin appeals his conviction by a jury for the offense of driving while
intoxicated. The trial court assessed his punishment at 180 days in the Harris County jail,
suspended his sentence, placed him on community supervision for one year, and assessed a fine
in the amount of $800. Martin contends in two points that the trial court erred in overruling his
objection to the admissibility of the results of a horizontal gaze nystagmus test and that the trial
court erred by denying him a hearing on his motion for new trial. We affirm.
Â Â Â Â Â Â Martin urges in point one that the trial court erred in overruling his objection to the
admissibility of the results of a horizontal gaze nystagmus test. Martin's contention is that the
arresting officers' comments to him that he would be arrested if he refused to perform the HGN
test constituted coercion that rendered his agreement to take the test involuntary. He insists that
because he was coerced into performing the test involuntarily, evidence of his performance on the
test was inadmissible. A trial courtâs ruling concerning the admission or exclusion of evidence
may not be disturbed on appeal unless an abuse of discretion is shown. Erdman v. State, 861
S.W.2d 890, 893 (Tex. Crim. App. 1993).
Â Â Â Â Â Â Martin's contention that his performance on the HGN test is inadmissible because his
agreement to perform the test was involuntary is based on an unspoken presumption that
involuntary performance of field sobriety tests constitutes evidence that has been illegally obtained. 
However, a defendant may be compelled to give physical evidence of intoxication. Thomas v.
State, 723 S.W.2d 696, 705 (Tex. Crim. App. 1986). A field sobriety test is physical evidence
of an appellantâs mental and physical faculties. Gassaway v. State, 957 S.W.2d 48, 51 (Tex.
Crim. App. 1997). Consequently, the performance of field sobriety tests is not compulsive in
violation of oneâs right to be free from self-incrimination when it does not make an express or
implied assertion of fact. Id. Martinâs performance on the HGN test did not make an express or
implied assertion of fact. We therefore hold that the trial court did not abuse its discretion in
admitting evidence of Martinâs performance on the HGN test. See also, State v. Babbitt, 525
N.W.2d 102, 106 (Wis. Ct. App. 1994) (stating suspect has no Fifth Amendment right to refuse
to perform field sobriety tests); State v. Meek, 444 N.W.2d 48, 50 (S.D. 1989) (same); State v.
Marks, 644 N.W.2d 35, 37 (Iowa Ct. App. 2002) (requiring a person to submit to a field sobriety
test or face the consequences of being arrested is not a coercive, prohibited tactic).
Â Â Â Â Â Â In arguing that the trial court abused its discretion by admitting his performance on the HGN
test, Martin relies on the case of Erdman, supra. We find that case to be distinguishable. In
Erdman, the Court held that results of a breath test, taken after the defendant was advised by a
police officer that he would be arrested and charged with driving while intoxicated if he refused
to take the test, constituted illegally obtained evidence. Id. at 894. The Court reached this
conclusion by holding that the warning by the officer constituted coercion and noting that Article
6701l-5 provides that no breath test is to be conducted if the person requested to take the test
refuses to do so. Id.; Tex. Rev. Civ. Stat. Ann. art. 6701l-5, Â§ 2 (Vernon 1977). Martin refers
us to no statute with similar provisions that would apply to field sobriety tests, and we are not
aware of any. We overrule point one.
Â Â Â Â Â Â Martin urges in point two that the trial court erred by denying him a hearing on his motion
for new trial. Martin timely filed a motion for new trial. In his motion, he urged the trial court
to grant a new trial based on his counsel's failure to call two exculpatory witnesses. Although the
motion indicated that affidavits of the two witnesses were attached, our record reflects that no
affidavits were attached to the motion. The trial court subsequently denied Martin a hearing on
the motion. Martin then filed an amended motion for new trial with the affidavits properly
attached. There is nothing in the record to indicate that this motion was ever presented to the trial
court. It is undisputed that no hearing was held on that motion. The trial court was not required
to have a hearing on Martin's original motion for new trial because of its failure to have the
affidavits attached. Redmond v. State, 30 S.W.3d 692, 700 (Tex. App.âBeaumont 2000, pet.
ref'd). Given that our record does not reflect that Martin ever presented his amended motion to
the trial court, the trial court did not err in failing to afford him a hearing on that motion. See
Carranza v. State, 960 S.W.2d 76, 80 (Tex. Crim. App. 1998) (en banc); Tex. R. App. P. 21.6. 
We overrule point two.
Â Â Â Â Â Â The judgment is affirmed.

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â JOHN G. HILL
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Senior Justice

Before Chief Justice Davis,
Â Â Â Â Â Â Justice Gray, and
Â Â Â Â Â Â Senior Justice Hill (Sitting by Assignment)
Affirmed
Opinion delivered and filed January 8, 2003
Publish
[CR25]



ent:.5in;line-height:200%'>Dr. Ann Sims, the medical director for
the Advocacy Center for Crime Victims and Children in Waco, also testified; she
had examined both T.B. and C.K.  Dr. Sims stated that when she asked T.B. why
she had come to the Advocacy Center, T.B. hid her head in her legs and said
that Roberts had done something to her and C.K.Â  Dr. Sims stated that T.B. told
her

[h]e had touched their private area with
his weaner [sic] and his fingers.Â  She went on to say that it didnÂt go inside
her private area, but it hurt, and did not cause her to bleed.Â  She said that
he also pulled her pants down and put his weaner [sic] on her bottom or her
butt.

Â 

When later asked why T.B. would feel
some type of pain in her vaginal area, Dr. Sims stated that the Âmost likely
thing to cause pain is touching that hymenÂ and that, for something to touch
the hymen, it would have to penetrate the outer and inner lips of the female
sexual organ to get to the hymen.Â  Dr. Sims testified that the results of
T.B.Âs physical exam were normal, which she expected, because, unless a child
is seen within the first twenty-four hours or unless the child has a history of
bleeding, the chance of the child having anything but a normal exam is less
than ten percent.

Roberts argues that the evidence is
legally insufficient to support his conviction because T.B. never stated that
his actions even reached the point of Âslight penetration.ÂÂ  However, T.B. did not need to directly
testify as to the penetration for the State to prove the element.Â  See
Villalon, 791 S.W.2d at 133.Â  In this case, Dr. SimsÂs testimony that T.B.
told her that Roberts touched her private area with his fingers and that it
hurt, in addition to Dr. SimsÂs testimony that T.B.Âs pain was most likely
caused by the touching of the hymen, which would require the penetration of the
outer and inner lips of the female sexual organ, is sufficient to embrace the
essential element of penetration.Â  See Mosley v. State, 141 S.W.3d 816,
823 (Tex. App.ÂTexarkana 2004, pet. refÂd) (holding other evidence sufficient
to establish penetration even though victim testified that defendant only
touched her on outside of her clothes and that it only hurt on outside of her
ÂbootyÂ).Â  Viewing all the evidence in the light most favorable to the verdict,
we conclude that the evidence is sufficient to support RobertsÂs conviction in
cause number 10-10-00076-CR.

10-10-00080-CR

Lastly, contrary to RobertsÂs contention
in his brief, to obtain a conviction for aggravated sexual assault based on the
allegations in the indictment in cause number 10-10-00080-CR, the State was
required to prove beyond a reasonable doubt that Roberts intentionally or
knowingly caused the sexual organ of T.B., a child under the age of fourteen,
to contact his sexual organ.Â  See Tex. Penal Code Ann. Â§ 22.021(a)(1)(B)(iii), (2)(B). Â The
indictment did not allege penetration, nor did the chargeÂs application
paragraph.Â  T.B. stated
that while at RobertsÂs house, RobertsÂs pee-pee touched her pee-pee. Â T.B.
testified that she was not told to make these things up. Â 

Again, a child victimÂs testimony alone is sufficient to support a
conviction for aggravated sexual assault.Â  Tex.
Code Crim. Proc. Ann. art. 38.07(a); Tear, 74 S.W.3d at 560.Â  Viewing
all the evidence in the light most favorable to the verdict, we conclude that the
evidence is sufficient to support RobertsÂs conviction in cause number 10-10-00080-CR.

Notice of Intent to Consolidate

Â Â Â Â Â Â Â Â Â Â Â  In his identical second
issues in cause numbers 10-10-00075-CR, 10-10-00076-CR, and 10-10-00080-CR and identical
first issues in cause numbers 10-10-00077-CR, 10-10-00078-CR, and
10-10-00079-CR, Roberts argues that the trial court erred in joining the six
indictments for a single trial.Â  Specifically, Roberts contends that the State violated
section 3.02(b) of the Penal Code by failing to give the trial court and the
defendant written notice of its intent to prosecute multiple indictments in a
single criminal action not less than thirty days before trial.Â  See Tex. Penal Code Ann. Â§ 3.02(b) (Vernon 2003);
Fernandez v. State, 814 S.W.2d 417, 419-20 (Tex. App.ÂHouston [14th
Dist.] 1991), affÂd, 832 S.W.2d 600 (Tex. Crim. App. 1992).Â  However,
after Roberts filed his brief in each of these appeals, a supplemental clerkÂs
record was filed in each cause containing the StateÂs written notice of intent
to prosecute the six indictments in a single trial.Â  The notice was filed more
than thirty days before trial.Â  Thus, we overrule RobertsÂs second issue in
cause numbers 10-10-00075-CR, 10-10-00076-CR, and 10-10-00080-CR and his first
issue in cause numbers 10-10-00077-CR, 10-10-00078-CR, and 10-10-00079-CR.

Â Â Â Â Â Â Â Â Â Â Â  Having overruled all
RobertsÂs issues in all six appeals, we affirm the trial courtÂs judgment in
each appeal.

Â 

REX D. DAVIS

Justice

Â 

Before
Chief Justice Gray,

Justice Davis, and

Justice Scoggins

Affirmed

Opinion
delivered and filed May 4, 2011

Do
not publish

[CRPM]

Â