IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-05-00150-CR

No. 10-06-00081-CR

 

Joshia Humphries,

                                                                      Appellant

 v.

 

The State of Texas,

                                                                      Appellee

 

 

 



From the 361st District Court

Brazos County, Texas

Trial Court Nos. 04-03272-CRF-361
and 04-03271-CRF-361

 



MEMORANDUM  Opinion



 

      Joshia Humphries was indicted in
separate cases with possession of a controlled substance in an amount of more
than one but less than four grams (trial court cause number 04-03272-CRF-361)
and escape while arrested/confined (trial court cause number 04-03271-CRF-361).[1] 
Humphries entered a guilty plea, without a plea agreement, to both offenses. 
He was sentenced to seven years in the Texas Department of Criminal Justice
Institutional Division for the felony possession charge and eight years in TDCJID
for the escape charge.  The trial court granted the State’s request to cumulate
these sentences.

On appeal, Humphries
complains that the cumulation order is void for lack of specificity and that he
received ineffective assistance because his trial counsel failed to present
mitigation evidence at the punishment hearing.  

Cumulation Order

      The
trial court orally ordered that the sentences run consecutively.  The trial
judge stated:  

In Cause No. 04-03271 the Court grants
the motions to cumulate sentences, and the Court sentences you in that case on
the escape charge to confinement in the Institutional Division of the Texas
Department of Criminal Justice for a period of eight years.  The sentence in
that case will begin to run when the sentence in Cause No. 04-03272 has been
served.

 

Although Humphries entered
his plea without a plea agreement, the written judgment and sentence states the
“terms of plea agreement” as “seven (7) years IDTDCJ, consecutively with
04-03271-CRF-361.”  The judgment also states:  “[t]his sentence shall run
consecutive to the case specified below.”  However, the judgment does not
specify any other case.  

“A sentence is a final judgment and should be sufficient on its
face to effect its purpose without resort to evidence in aid thereof. It should
further convey to the authorities at the Texas Department of Corrections or any
County jail clear and unequivocal orders of the trial court so that they may
know definitely how long to detain the convict or prisoner.”  Ex parte Lewis, 414 S.W.2d 682, 683 (Tex. Crim. App.
1967).  The Court of Criminal Appeals has set forth five recommended elements
of a cumulation order:  (1) the trial court number of the prior conviction; (2)
the correct name of the court where the prior conviction was taken; (3) the
date of the prior conviction; (4) the term of years of the prior conviction;
and (5) the nature of the prior conviction.  Ward v. State, 523 S.W.2d
681, 682 (Tex. Crim. App. 1975).  

Orders
containing less than the recommended elements of a cumulation order have been
upheld.  Banks v. State, 708 S.W.2d 460, 461 (Tex. Crim. App. 1986).  However, the trial court's description of prior convictions must be
“substantially and sufficiently specific.”  Lewis, 414 S.W.2d at 683.  We find that the judgment did not contain the Ward elements
and was not sufficiently specific to notify the defendant and the Department of
the nature of the cumulation.  

However, in pronouncing the sentence, the trial court clearly
expressed its intention that Humphries’ sentence would commence after he completed
serving his sentence on the possession charge, and the judgment contains a
partial order.  Because the record contains the information necessary for
cumulation orders, we will honor the State’s request that we reform the
judgment to reflect the sentence imposed by the trial court.  See Banks, 708
S.W.2d at 462.  Accordingly, we find that the cumulation order is not void and
overrule Humphries’ first issue.

We reform the judgment so that the eight year sentence for escape
in Cause Number 04-03271-CRF-361, from the 361st District Court in Brazos County, shall begin when
the seven year sentence for felony possession in Cause Number 04-03272-CRF-361,
imposed by the 361st District Court in Brazos County on February 7, 2005, has ceased to operate.

Ineffective Assistance of Counsel

      During the punishment phase of the trial, the State relied
on testimony of Brazos County Sheriff’s officers concerning Humphries’ conduct
in jail.  His counsel cross-examined the officers about Humphries’ prescription
medication and emotional stability.  Humphries also testified that he received
medication in August 2004 and Sergeant Reginald Walker testified that he did
not have any problems with him after August 9, 2004.  In his second issue, Humphries
argues that he received ineffective assistance in each case because trial
counsel failed to present evidence of his need for prescription medicine as
mitigation evidence.  

To prevail on an
ineffective assistance claim, the familiar Strickland v. Washington test
must be met.  Wiggins v. Smith, 539 U.S. 510, 123 S.Ct. 2527, 2535, 156
L.Ed.2d 471 (2003) (citing Strickland, 466 U.S. 668, 687, 104 S.Ct.
2052, 2064, 80 L.Ed.2d 674 (1984)).  Under Strickland, an ineffective
assistance claim will be sustained if it is determined that:  (1) counsel’s
performance was deficient, and (2) the defense was prejudiced by counsel’s
deficient performance.  Wiggins, 539 U.S. at 521, 123 S.Ct. at 2535; Strickland,
466 U.S. at 687, 104 S.Ct. at 2064.  This
means that the appellant must show a reasonable probability that, but for his
counsel’s unprofessional errors, the result of the proceeding would have been
different.  Mitchell v. State, 68 S.W.3d 640, 642 (Tex. Crim. App. 2002). 
A “reasonable probability” is one sufficient to undermine confidence in the
outcome.  Id.

      We begin with a “strong presumption” that counsel provided
reasonably professional assistance, and an appellant bears the burden of
overcoming this presumption.  Andrews v. State, 159 S.W.3d 98, 101 (Tex. Crim. App. 2005).  Generally, the appellate record is insufficient to satisfy this
burden.  Scheanette v. State, 144 S.W.3d 503, 510 (Tex. Crim. App.
2004).  “[I]n the majority of cases, the record on direct appeal is simply
undeveloped and cannot adequately reflect the failings of trial counsel.” 
 Id. (quoting Bone v. State, 77 S.W.3d 828, 833 (Tex. Crim. App.
2002)).

      In the absence of evidence of
trial counsel’s reason for the challenged conduct, we assume a strategic reason
for trial counsel’s conduct, if one can be imagined.  McNeil v. State, 174
S.W.3d 758, 760 (Tex. App.—Waco 2005, no pet.) (citing Garcia v. State,
57 S.W.3d 436, 440 (Tex. Crim. App. 2001)).  But, if nothing in the record
reveals trial counsel’s reason, it is improper for us to speculate on it.  See
Thompson, 9 S.W.3d 808, 814 (Tex. Crim. App. 1999); Jackson v.
State, 877 S.W.2d 768, 771 (Tex. Crim. App. 1994).  Without a record that
reveals the reasons for the challenged conduct of Humphries’ trial counsel, we
cannot speculate whether his counsel was effective.  We overrule the second
issue.




Conclusion

      The judgment of the trial court in
cause number 04-03271-CRF-361
is reformed as herein
noted.  We affirm that judgment as reformed and also affirm the judgment in
cause number 04-03272-CRF-361.

 

 

BILL VANCE

Justice

 

Before
Chief Justice Gray,

Justice Vance, and

Justice Reyna

Reformed
and affirmed

Opinion
delivered and filed August 30, 2006

Do
not publish 

[CR25]

 









    [1]   He
was also indicted and convicted of possession
of a controlled substance less than 28 grams (trial court cause number
04-02182-CRM-361).  Humphries does not appeal that conviction.








='font-family:"Palatino","serif"'>  The
indictment did not allege penetration, nor did the charge’s application
paragraph.  T.B. stated
that while at Roberts’s house, Roberts’s pee-pee touched her pee-pee.  T.B.
testified that she was not told to make these things up.  

Again, a child victim’s testimony alone is sufficient to support a
conviction for aggravated sexual assault.  Tex.
Code Crim. Proc. Ann. art. 38.07(a); Tear, 74 S.W.3d at 560.  Viewing
all the evidence in the light most favorable to the verdict, we conclude that the
evidence is sufficient to support Roberts’s conviction in cause number 10-10-00080-CR.

Notice of Intent to Consolidate

            In his identical second
issues in cause numbers 10-10-00075-CR, 10-10-00076-CR, and 10-10-00080-CR and identical
first issues in cause numbers 10-10-00077-CR, 10-10-00078-CR, and
10-10-00079-CR, Roberts argues that the trial court erred in joining the six
indictments for a single trial.  Specifically, Roberts contends that the State violated
section 3.02(b) of the Penal Code by failing to give the trial court and the
defendant written notice of its intent to prosecute multiple indictments in a
single criminal action not less than thirty days before trial.  See Tex. Penal Code Ann. § 3.02(b) (Vernon 2003);
Fernandez v. State, 814 S.W.2d 417, 419-20 (Tex. App.—Houston [14th
Dist.] 1991), aff’d, 832 S.W.2d 600 (Tex. Crim. App. 1992).  However,
after Roberts filed his brief in each of these appeals, a supplemental clerk’s
record was filed in each cause containing the State’s written notice of intent
to prosecute the six indictments in a single trial.  The notice was filed more
than thirty days before trial.  Thus, we overrule Roberts’s second issue in
cause numbers 10-10-00075-CR, 10-10-00076-CR, and 10-10-00080-CR and his first
issue in cause numbers 10-10-00077-CR, 10-10-00078-CR, and 10-10-00079-CR.

            Having overruled all
Roberts’s issues in all six appeals, we affirm the trial court’s judgment in
each appeal.

 

REX D. DAVIS

Justice

 

Before
Chief Justice Gray,

Justice Davis, and

Justice Scoggins

Affirmed

Opinion
delivered and filed May 4, 2011

Do
not publish

[CRPM]