

# IN THE
# TENTH COURT OF APPEALS

**No. 10-10-00075-CR**
**No. 10-10-00076-CR**
**No. 10-10-00077-CR**
**No. 10-10-00078-CR**
**No. 10-10-00079-CR**
**No. 10-10-00080-CR**

**RICHARD ROBERTS,**

                                        **Appellant**

 **v.**

**THE STATE OF TEXAS,**

                                        **Appellee**

---

### From the 77th District Court
### Freestone County, Texas
### Trial Court No. 08-171-CR, Trial Court No. 08-172-CR,
### Trial Court No. 08-00173-CR, Trial Court No. 08-00174-CR,
### Trial Court No. 08-00175-CR and Trial Court No. 08-176-CR

---

## MEMORANDUM OPINION

---

A jury found Richard Roberts guilty and assessed his punishment as follows: (1) appellate cause number 10-10-00075-CR (trial court cause number 08-171-CR) – aggravated sexual assault of a child, life imprisonment and a $500 fine; (2) appellate

cause number 10-10-00076-CR (trial court cause number 08-172-CR) – aggravated sexual assault of a child, life imprisonment and a $500 fine; (3) appellate cause number 10-10-00077-CR (trial court cause number 08-173-CR) – indecency with a child, twenty years' imprisonment and a $500 fine; (4) appellate cause number 10-10-00078-CR (trial court cause number 08-174-CR) – indecency with a child, twenty years' imprisonment and a $500 fine; (5) appellate cause number 10-10-00079-CR (trial court cause number 08-175-CR) – aggravated sexual assault of a child, life imprisonment and a $500 fine; and (6) appellate cause number 10-10-00080-CR (trial court cause number 08-176-CR) – aggravated sexual assault of a child, life imprisonment and a $500 fine. The trial court ordered Roberts's sentences in cause numbers 10-10-00075-CR, 10-10-00076-CR, 10-10-00077-CR, 10-10-00078-CR, and 10-10-00079-CR to run concurrently and his sentence in cause number 10-10-00080-CR to run consecutively and begin only when the judgment and sentence in cause number 10-10-00079-CR has ceased to operate. Roberts appeals his convictions. Because he asserts identical issues among the six appeals, we will decide them together.

## Sufficiency of the Evidence

In his first issues in cause numbers 10-10-00075-CR, 10-10-00076-CR, and 10-10-00080-CR, Roberts argues that the evidence is legally insufficient to support his convictions because "the State failed to prove an essential element of their claim—penetration."

When reviewing a challenge to the sufficiency of the evidence to establish the elements of a penal offense, we must determine whether, after viewing all the evidence

in the light most favorable to the verdict, any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *See Jackson v. Virginia*, 443 U.S. 307, 318-19, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979). Our duty is to determine if the finding of the trier of fact is rational by viewing all of the evidence admitted at trial in the light most favorable to the verdict. *Adelman v. State*, 828 S.W.2d 418, 422 (Tex. Crim. App. 1992). In doing so, any inconsistencies in the evidence are resolved in favor of the verdict. *Curry v. State*, 30 S.W.3d 394, 406 (Tex. Crim. App. 2000).

**10-10-00075-CR**

Contrary to Roberts's contention in his brief, to obtain a conviction for aggravated sexual assault based on the allegations in the indictment in cause number 10-10-00075-CR, the State was required to prove beyond a reasonable doubt that Roberts intentionally or knowingly caused his mouth to *contact* the sexual organ of C.K., a child under the age of fourteen. *See* TEX. PENAL CODE ANN. § 22.021(a)(1)(B)(iii), (2)(B) (Vernon Supp. 2010). The indictment did not allege penetration, nor did the charge's application paragraph. C.K. testified that when she was six years old, she and her mother lived with her mom's best friend Heather and Heather's two daughters, as well as Heather's mother Rhonda and Rhonda's husband Roberts. When asked what she calls "the place where you pee-pee from," C.K. stated that she calls it her "tu-tu." C.K. testified that while in the shed on Roberts's property, he "put his tongue on my tu-tu." C.K. stated that no one else has ever done this to her and she was not told to make these things up.

A child victim's testimony alone is sufficient to support a conviction for aggravated sexual assault. TEX. CODE CRIM. PROC. ANN. art. 38.07(a) (Vernon 2005); *Tear v. State*, 74 S.W.3d 555, 560 (Tex. App.—Dallas 2002, pet. ref'd). Viewing all the evidence in the light most favorable to the verdict, we conclude that the evidence is sufficient to support Roberts's conviction in cause number 10-10-00075-CR.

**10-10-00076-CR**

To obtain a conviction for aggravated sexual assault based on the allegations in the indictment in cause number 10-10-00076-CR, the State was required to prove beyond a reasonable doubt that Roberts intentionally or knowingly caused the penetration of the sexual organ of T.B., a child under the age of fourteen, by his finger. *See* TEX. PENAL CODE ANN. § 22.021(a)(1)(B)(i), (2)(B). The State may prove penetration by circumstantial evidence. *Villalon v. State*, 791 S.W.2d 130, 133 (Tex. Crim. App. 1990); *Murphy v. State*, 4 S.W.3d 926, 929 (Tex. App.—Waco 1999, pet. ref'd). The victim need not testify as to penetration. *Villalon*, 791 S.W.2d at 133; *Murphy*, 4 S.W.3d at 929. Evidence of the slightest penetration is sufficient to uphold a conviction, so long as it has been shown beyond a reasonable doubt. *Luna v. State*, 515 S.W.2d 271, 273 (Tex. Crim. App. 1974); *Murphy*, 4 S.W.3d at 929. In *Vernon v. State*, the Court of Criminal Appeals determined what constitutes a "penetration" for purposes of aggravated sexual assault, stating:

> Thus, in common parlance, mere contact with the outside of an object does not amount to penetration of it. But pushing aside and reaching beneath a natural fold of skin into an area of the body not usually exposed to view, even in nakedness, is a significant intrusion beyond mere external contact. Consequently, it is not ungrammatical to describe Appellant's touching of

complainant in this case as a penetration, so long as contact with the injured part of her anatomy could reasonably be regarded by ordinary English speakers as more intrusive than contact with her outer vaginal lips.

841 S.W.2d 407, 409 (Tex. Crim. App. 1992); *see Murphy*, 4 S.W.3d at 929.

T.B. testified that when she was seven years old, C.K. was a friend who lived on the same street that she did and whom she would visit at her house. When asked what she calls "the place on your body where you pee-pee from," T.B. testified that she calls it her "pee-pee." One night when she spent the night at Roberts's house, Roberts touched her pee-pee with his hand both on top of and underneath her clothes. When asked what he did with his hand underneath her clothes, she replied that he rubbed her pee-pee. When further questioned whether she remembered if his hand went inside her pee-pee, she replied that she did not remember.

Dr. Ann Sims, the medical director for the Advocacy Center for Crime Victims and Children in Waco, also testified; she had examined both T.B. and C.K. Dr. Sims stated that when she asked T.B. why she had come to the Advocacy Center, T.B. hid her head in her legs and said that Roberts had done something to her and C.K. Dr. Sims stated that T.B. told her

> [h]e had touched their private area with his weaner [sic] and his fingers. She went on to say that it didn't go inside her private area, but it hurt, and did not cause her to bleed. She said that he also pulled her pants down and put his weaner [sic] on her bottom or her butt.

When later asked why T.B. would feel some type of pain in her vaginal area, Dr. Sims stated that the "most likely thing to cause pain is touching that hymen" and that, for something to touch the hymen, it would have to penetrate the outer and inner lips of

the female sexual organ to get to the hymen. Dr. Sims testified that the results of T.B.'s physical exam were normal, which she expected, because, unless a child is seen within the first twenty-four hours or unless the child has a history of bleeding, the chance of the child having anything but a normal exam is less than ten percent.

Roberts argues that the evidence is legally insufficient to support his conviction because T.B. never stated that his actions even reached the point of "slight penetration." However, T.B. did not need to directly testify as to the penetration for the State to prove the element. *See Villalon*, 791 S.W.2d at 133. In this case, Dr. Sims's testimony that T.B. told her that Roberts touched her private area with his fingers and that it hurt, in addition to Dr. Sims's testimony that T.B.'s pain was most likely caused by the touching of the hymen, which would require the penetration of the outer and inner lips of the female sexual organ, is sufficient to embrace the essential element of penetration. *See Mosley v. State*, 141 S.W.3d 816, 823 (Tex. App.—Texarkana 2004, pet. ref'd) (holding other evidence sufficient to establish penetration even though victim testified that defendant only touched her on outside of her clothes and that it only hurt on outside of her "booty"). Viewing all the evidence in the light most favorable to the verdict, we conclude that the evidence is sufficient to support Roberts's conviction in cause number 10-10-00076-CR.

**10-10-00080-CR**

Lastly, contrary to Roberts's contention in his brief, to obtain a conviction for aggravated sexual assault based on the allegations in the indictment in cause number 10-10-00080-CR, the State was required to prove beyond a reasonable doubt that

Roberts intentionally or knowingly caused the sexual organ of T.B., a child under the age of fourteen, to *contact* his sexual organ. *See* TEX. PENAL CODE ANN. § 22.021(a)(1)(B)(iii), (2)(B). The indictment did not allege penetration, nor did the charge's application paragraph. T.B. stated that while at Roberts's house, Roberts's pee-pee touched her pee-pee. T.B. testified that she was not told to make these things up.

Again, a child victim's testimony alone is sufficient to support a conviction for aggravated sexual assault. TEX. CODE CRIM. PROC. ANN. art. 38.07(a); *Tear*, 74 S.W.3d at 560. Viewing all the evidence in the light most favorable to the verdict, we conclude that the evidence is sufficient to support Roberts's conviction in cause number 10-10-00080-CR.

### Notice of Intent to Consolidate

In his identical second issues in cause numbers 10-10-00075-CR, 10-10-00076-CR, and 10-10-00080-CR and identical first issues in cause numbers 10-10-00077-CR, 10-10-00078-CR, and 10-10-00079-CR, Roberts argues that the trial court erred in joining the six indictments for a single trial. Specifically, Roberts contends that the State violated section 3.02(b) of the Penal Code by failing to give the trial court and the defendant written notice of its intent to prosecute multiple indictments in a single criminal action not less than thirty days before trial. *See* TEX. PENAL CODE ANN. § 3.02(b) (Vernon 2003); *Fernandez v. State*, 814 S.W.2d 417, 419-20 (Tex. App.—Houston [14th Dist.] 1991), *aff'd*, 832 S.W.2d 600 (Tex. Crim. App. 1992). However, after Roberts filed his brief in each of these appeals, a supplemental clerk's record was filed in each cause containing the State's written notice of intent to prosecute the six indictments in a single trial. The

notice was filed more than thirty days before trial. Thus, we overrule Roberts's second issue in cause numbers 10-10-00075-CR, 10-10-00076-CR, and 10-10-00080-CR and his first issue in cause numbers 10-10-00077-CR, 10-10-00078-CR, and 10-10-00079-CR.

Having overruled all Roberts's issues in all six appeals, we affirm the trial court's judgment in each appeal.


REX D. DAVIS
Justice

Before Chief Justice Gray,
      Justice Davis, and
      Justice Scoggins
Affirmed
Opinion delivered and filed May 4, 2011
Do not publish
[CRPM]