James Ray SMITH, Appellant,

v.

The STATE of Texas, Appellee.

Nos. 57041–57043.

Court of Criminal Appeals of Texas,
Panel No. 3.

Jan. 3, 1979.

Wes Reed, Dallas, for appellant.

Henry M. Wade, Dist. Atty., John Tatum, James D. Burnham, and Reed W. Prospere, Asst. Dist. Attys., Dallas, for the State.

Before DOUGLAS and TOM G. DAVIS, JJ.

OPINION

DOUGLAS, Judge.

James Ray Smith appeals from convictions for two aggravated robberies and an attempted capital murder. Punishment was assessed by the jury at life in each case. The court ordered that the sentences run cumulatively.

Smith argues that the trial court was without authority to cumulate his sentences because all three convictions arose out of the same criminal episode. The sufficiency of the evidence is not challenged.

During the mid-afternoon of October 8, 1976, Thomas Smygelski and Don Stockton were washing their cars at a coin-operated car wash in Dallas. Smygelski was approached by appellant who shot him in the neck. Smith and two accomplices took Smygelski's car and attempted unsuccessfully to take Stockton's. Appellant and his accomplices fled the scene but were stopped shortly thereafter by Kenneth K. Anderson, a uniformed Dallas police officer. As Anderson exited his vehicle, Smith and one of his accomplices fired at him. Smith and both accomplices were eventually apprehended with the aid of a police dog. Appellant was charged with the robbery of Smygelski and Stockton and the attempted capital murder of Anderson. Pursuant to appellant's motion, all three cases were tried jointly.

■ Normally, the trial judge has absolute discretion to cumulate sentences. Article 42.08, V.A.C.C.P. In arguing that the trial judge could not cumulate these particular sentences, Smith relies upon V.T.C.A., Penal Code, Section 3.03. Section 3.03 provides that where a defendant is convicted, at a single trial, of more than one offense arising out of the same criminal episode, the sentences must run concurrently. Section 3.02 provides that several offenses may be joined in a single trial if the State files written notice at least thirty days prior to trial and the offenses arose out of the same criminal episode. Section 3.01 limits "criminal episode" to the repeated commission of offenses defined in Title 7 (Offenses Against Property) of the Penal Code.

A contention similar to appellant's was raised in *Caughorn v. State*, 549 S.W.2d 196

(Tex.Cr.App.1977). Caughorn argued that the trial court was without authority to cumulate his two sentences. After noting that the State had not filed a motion to consolidate the two offenses under Section 3.02, we concluded,

"Accordingly, even though appellant pleaded guilty to two indictments charging similar offenses, this did not constitute a single criminal action because the State had not filed the written notice necessary to achieve such results. Since these causes did not constitute one criminal action under Sec. 3.02, supra, the prohibition against the cumulation of sentences provided in Sec. 3.03, supra, does not apply."

In the case at bar the State did not file a motion for joinder under Section 3.02. Also, attempted capital murder is defined in Title 5 (Offenses Against the Person) and is not subject to the Chapter 3 joinder provisions. Because the instant prosecution did not arise under Section 3.02, we conclude that the prohibition against cumulation contained in Section 3.03 is not applicable. The cumulation of Smith's sentences was proper.

There is no reversible error. The judgments are affirmed.