**Modify and Affirm and Opinion Filed March 13, 2014**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

No. 05-13-00285-CR
No. 05-13-00286-CR
No. 05-13-00287-CR
No. 05-13-00288-CR
No. 05-13-00289-CR

**LADARIAN ALEXANDER MCGEE, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 363rd Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause Nos. F11-40720-W, F11-40752-W, F11-41898-W,**
**F12-57780-W & F12-57837-W**

## MEMORANDUM OPINION

Before Justices Moseley, Francis, and Lang
Opinion by Justice Francis

Ladarian Alexander McGee appeals his convictions for theft of property valued at $1500 or more but less than $20,000, burglary of a habitation, unauthorized use of a motor vehicle, and two aggravated robberies each with a deadly weapon. In twelve issues, appellant claims the trial court abused its discretion by denying his motion for mistrial and ordering that three sentences run consecutively to the other two sentences, the judgments in three cases fail to accurately reflect the conditions of probation appellant violated, and insufficient evidence exists to support the trial court's order that appellant pay court costs. We affirm in part and affirm as modified in part.

On May 18, 2011, appellant judicially confessed to committing theft of property valued at $1500 or more but less than $20,000 and burglary of a habitation. The trial court deferred adjudication of guilt, placed appellant on community supervision for five years in each case, and assessed a $2000 fine and $1000 restitution in the burglary case. The following November, appellant judicially confessed to a third offense, an unauthorized use of a motor vehicle occurring on July 4, 2011. The trial court again deferred adjudication of guilt, placed appellant on community supervision for three years, and assessed a $1500 fine and $890 restitution.

On July 9, 2012, appellant committed two aggravated robberies, each while using a deadly weapon. While the aggravated robbery cases were pending, the State filed motions to proceed with adjudication of guilt in the three earlier cases based on various violations of probation, including that appellant committed the aggravated robberies. On February 20, 2013, appellant was tried for the two aggravated robberies, and after finding him guilty, the jury assessed punishment at twenty-five years in prison in each case, to be served concurrently.

The following day, the trial court held a hearing on the State's motions to proceed with adjudication of guilt. Of the numerous violations alleged, the trial court found the allegations that appellant committed the two aggravated robberies true and also entered a finding of true on a July 10, 2012 unauthorized use of a motor vehicle and a January 16, 2012 possession of marijuana. The trial court then found appellant guilty of all three adjudicated offenses and assessed punishment at two years in state jail each for the theft and unauthorized use of a motor vehicle and twenty years in prison for burglary of a habitation. The trial court ordered these sentences to be served concurrent with one another but consecutive to the aggravated robbery sentences. These appeals followed.

In his first issue, appellant contends the trial court abused its discretion by denying his motion for mistrial based on a *Brady* violation. Appellant claims evidence admitted during the

punishment phase of the trial on the two aggravated robberies was new and material and argues the evidence would have impacted his trial strategy if it had been in his possession during the trial on the merits.

We review a trial court's denial of a motion for mistrial under an abuse of discretion standard. *Ladd v. State*, 3 S.W.3d 547, 567 (Tex. Crim. App. 1999). To find reversible error under an alleged *Brady* violation, a defendant must show the State failed to disclose evidence, regardless of the prosecution's good or bad faith; the withheld evidence is favorable to the defendant; and the evidence is material—in other words, there is a reasonable probability had the evidence been disclosed, the outcome of the trial would have been different. *Hampton v. State*, 86 S.W.3d 603, 612 (Tex. Crim. App. 2002). The mere possibility an item of undisclosed information might have helped the defense or affected the outcome of the trial does not establish "materiality" in the constitutional sense. *Id*.

During guilt/innocence, Detective Dale Richardson of the Dallas Police Department testified appellant was arrested after his fingerprints were found at both robbery locations. While investigating, Richardson went to the second robbery location, a Motel 6 on North Central, and examined surveillance video. He later secured a copy of the surveillance video from the Subway restaurant in Dallas that was robbed shortly before the Motel 6 offense. According to Richardson, the suspect's "clothing was similar, if not the same," the type weapon used appeared the same, the vehicle description was also similar, and the two locations were about five miles apart. Although Richardson described the weapon as a TEC-9, "an unusual weapon," no weapon was recovered. Witnesses from each location testified about the weapon appellant carried. When asked during cross-examination, each witness conceded the gun could have been a fake or a toy. Following this and other testimony, the jury found appellant guilty of the two aggravated robbery offenses.

During punishment and while the jury was on break, the trial court stated the State planned to introduce a juvenile conviction for a robbery case and that the probable cause affidavit mentioned the weapon used was a BB gun. Defense counsel first admitted appellant was the juvenile mentioned in the record but then objected to the evidence, claiming the State failed to disclose that Garland police "actually seized in evidence" a BB gun used in the offense. Defense counsel argued the existence of the BB gun was material to his contention that the gun appellant used while robbing the Subway and Motel 6 was a toy. Counsel conceded, however, he knew the case involved a BB gun because appellant told him so. In response, the State noted appellant did not establish the State failed to disclose evidence, the evidence was favorable to the appellant, or the evidence was material. We agree with the State.

Here, the record shows that, on February 13, 2013, the State sent defense counsel a "Notice of Extraneous Offenses," indicating the State might introduce evidence of several extraneous offenses including his juvenile conviction. Specifically, the State's notice provided that, while a juvenile, appellant "was arrested for the offense of Aggravated Robbery . . . [but] Adjudicated for the lesser-included offense of Robbery." Defense counsel conceded he had information before trial that the juvenile case involved a BB gun because appellant told him. And the record shows defense counsel thoroughly questioned and cross-examined each witness on whether the gun appeared real or could have been a toy. In short, nothing in the record establishes (1) the State failed to disclose information, (2) the withheld information is favorable to appellant or material to the instant cases, or (3) that if counsel had physical access to the BB gun from the juvenile conviction, a reasonable probability exists that the outcome of this trial would have been different. We conclude the trial court did not abuse its discretion by denying his motion for mistrial. We overrule appellant's first issue.

In issues two, three, and four, appellant contends the trial court abused its discretion by ordering the sentences in cause numbers 05-13-00285-CR, 05-13-00286-CR and 05-13-00287-CR to run consecutively to the sentences in cause numbers 05-13-00288-CR and 05-13-00289-CR.

A trial court has the discretion to cumulate a defendant's sentences for two or more convictions. *See* TEX. CODE CRIM. PROC. ANN. art. 42.08 (West Supp. 2013). A trial court abuses its discretion when it applies an erroneous legal standard or when no reasonable view of the record supports the trial court's conclusion under the correct law and facts viewed in the light most favorable to its legal conclusion. *Revels v. State*, 334 S.W.3d 46, 53 (Tex. App.—Dallas 2008, no pet.). An abuse of discretion in the context of cumulation of a defendant's sentences will be found only if the trial court imposes consecutive sentences where the law requires concurrent sentences, where the court imposes concurrent sentences but the law requires consecutive ones, or where the court otherwise fails to observe the statutory requirements pertaining to sentencing. *Id.* at 54. As long as the law authorizes the imposition of cumulative sentences, a trial court has absolute discretion to stack sentences. *Id.*; *see also Smith v. State*, 575 S.W.2d 41, 41 (Tex. Crim. App. 1979) ("Normally, the trial judge has absolute discretion to cumulate sentences.").

Although he concedes the trial court had the authority to stack the sentences to run consecutively, appellant nevertheless argues the court's decision to do so was an abuse of discretion because it "is unnecessarily punitive as opposed to rehabilitative." We disagree. As recognized by the court of criminal appeals, the legislature has charged the trial court with the determination of whether to cumulate, and the trial court is free to make this determination as long as the individual sentences are not elevated beyond their respective statutory maximums. *Barrow v. State*, 207 S.W.3d 377, 382 (Tex. Crim. App. 2006). The individual sentences in

appellant's cases were not elevated beyond their statutory maximums, nor was the punishment assessed excessive, grossly disproportionate to appellant's crimes, or unconstitutionally cruel or unusual. Under these circumstances, we cannot conclude the trial court abused its discretion by ordering the sentences in cause numbers 05-13-00285-CR, 05-13-00286-CR and 05-13-00287-CR to run consecutively to the sentences in cause numbers 05-13-00288-CR and 05-13-00289-CR. We overrule appellant's second, third, and fourth issues.

In issues five through seven, appellant claims the judgments in 05-13-00285-CR, 05-13-00286-CR and 05-13-00287-CR fail to accurately reflect the conditions of probation appellant violated. Specifically, appellant argues the judgments reflect appellant violated all the conditions alleged in the motions while the trial court found only four conditions were violated. The State agrees.

This Court has the authority to correct judgments of the court below to make the record "speak the truth" when we have the necessary data and information to do so. *Asberry v. State*, 813 S.W.2d 526, 529 (Tex. App.—Dallas 1991, pet. ref'd).

Here, the record of the hearing on the motions to proceed with adjudication of guilt in cause numbers 05-13-00285-CR, 05-13-00286-CR and 05-13-00287-CR shows the trial court found appellant violated conditions A1, A2, A3, and A4 in each case. The judgment in each of these cases refers to an attached motion to adjudicate but does not indicate which of the conditions appellant violated. We therefore modify the trial court's judgments to reflect appellant violated conditions A1, A2, A3, and A4 in cause numbers 05-13-00285-CR, 05-13-00286-CR and 05-13-00287-CR. We sustain appellant's fifth, sixth, and seventh issues.

In his final five issues, appellant claims the evidence is insufficient to support the trial court's order that appellant pay court costs. Appellant bases his argument on his contention that there are no cost bills in the record.

The records before this Court contain a cost bill for each case. The specific complaints appellant raises have been addressed previously and rejected. *See Johnson v. State*, No. PD-0193-13, 2014 WL 714736, at *4−8 (Tex. Crim. App. Feb. 26, 2014); *Coronel v. State*, 416 S.W.3d 550, 555−56 (Tex. App.—Dallas 2013, pet. ref'd). We overrule appellant's issues eight through twelve.

In cause numbers 05-13-00285-CR, 05-13-00286-CR and 05-13-00287-CR, we modify the judgments to reflect appellant violated conditions A1, A2, A3, and A4. As modified, we affirm the trial court's judgments. We affirm cause numbers 05-13-00288-CR and 05-13-00289-CR.

/Molly Francis/
MOLLY FRANCIS
JUSTICE

Do Not Publish
TEX. R. APP. P. 47.2(b)
130285F.U05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

LADARIAN ALEXANDER MCGEE,
Appellant

No. 05-13-00285-CR    V.

THE STATE OF TEXAS, Appellee

On Appeal from the 363rd Judicial District
Court, Dallas County, Texas
Trial Court Cause No. F11-40720-W.
Opinion delivered by Justice Francis,
Justices Moseley and Lang participating.

Based on the Court's opinion of this date, the judgment of the trial court is **MODIFIED** as follows:

The trial court found appellant violated conditions A1, A2, A3, and A4 of probation as alleged in the State's motion to proceed with adjudication of guilt.

As **REFORMED**, the judgment is **AFFIRMED**.

Judgment entered this 13th day of March, 2014.

/Molly Francis/
MOLLY FRANCIS
JUSTICE



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

LADARIAN ALEXANDER MCGEE,
Appellant

No. 05-13-00286-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the 363rd Judicial District
Court, Dallas County, Texas
Trial Court Cause No. F11-40752-W.
Opinion delivered by Justice Francis,
Justices Moseley and Lang participating.

Based on the Court's opinion of this date, the judgment of the trial court is **MODIFIED** as follows:

The trial court found appellant violated conditions A1, A2, A3, and A4 of probation as alleged in the State's motion to proceed with adjudication of guilt.

As **REFORMED**, the judgment is **AFFIRMED**.

Judgment entered this 13th day of March, 2014.

/Molly Francis/
MOLLY FRANCIS
JUSTICE

–9–



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

LADARIAN ALEXANDER MCGEE,
Appellant

No. 05-13-00287-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the 363rd Judicial District
Court, Dallas County, Texas
Trial Court Cause No. F11-41898-W.
Opinion delivered by Justice Francis,
Justices Moseley and Lang participating.

Based on the Court's opinion of this date, the judgment of the trial court is **MODIFIED** as follows:

The trial court found appellant violated conditions A1, A2, A3, and A4 of probation as alleged in the State's motion to proceed with adjudication of guilt.

As **REFORMED**, the judgment is **AFFIRMED**.

Judgment entered this 13th day of March, 2014.

/Molly Francis/
MOLLY FRANCIS
JUSTICE



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

LADARIAN ALEXANDER MCGEE,
Appellant

No. 05-13-00288-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the 363rd Judicial District
Court, Dallas County, Texas
Trial Court Cause No. F12-57780-W.
Opinion delivered by Justice Francis,
Justices Moseley and Lang participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered this 13th day of March, 2014.

/Molly Francis/
MOLLY FRANCIS
JUSTICE

–11–



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

LADARIAN ALEXANDER MCGEE, Appellant

No. 05-13-00289-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the 363rd Judicial District Court, Dallas County, Texas
Trial Court Cause No. F12-57837-W.
Opinion delivered by Justice Francis, Justices Moseley and Lang participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.


Judgment entered this 13th day of March, 2014.


/Molly Francis/
MOLLY FRANCIS
JUSTICE