**Opinion filed July 27, 2023**



In The

# Eleventh Court of Appeals

_____

## Nos. 11-22-00081-CR & 11-22-00082-CR

_____

## DALTON TY ALLEN CROWDER, Appellant

## V.

## THE STATE OF TEXAS, Appellee

**On Appeal from the 35th District Court**
**Brown County, Texas**
**Trial Court Cause Nos. CR27498 and CR27434**

### M E M O R A N D U M   O P I N I O N

The grand jury indicted Appellant, Dalton Ty Allen Crowder, for two separate acts of sexual assault, each a second-degree felony offense. TEX. PENAL CODE ANN. § 22.011 (West Supp. 2022). Appellant waived his right to a jury trial in both cases and, in a single proceeding requested by the parties, the trial court convicted Appellant of both offenses and assessed his punishment at five years' imprisonment

for each conviction; the sentences were ordered to be served consecutively. In a single issue, Appellant contends that the trial court's cumulation order is unlawful. We agree and modify the trial court's judgment.

## I. *Factual Background*

Appellant was indicted for two separate acts of sexual assault; the offenses were committed on different dates and against different victims. It is undisputed that these offenses occurred as part of the same criminal episode. The indictment filed in trial court cause no. CR27498 alleges that Appellant committed the offense of sexual assault "on or about" November 1, 2019. The indictment filed in trial court cause no. CR27434 alleges that Appellant committed the offense of sexual assault "on or about" March 9, 2019. However, neither indictment alleges the age of either victim.

A bench trial proceeded over the course of two days: March 21 and 22, 2022. At the beginning of trial, counsel for the State and for Appellant agreed that, if Appellant was convicted of both offenses, the sentences to be imposed by the trial court could be served concurrently or consecutively. Each victim testified to her age and stated that, on the date they testified at trial, they were twenty-one years old and twenty-two years old, respectively.

Neither the State nor Appellant argued or presented evidence that the two victims were under seventeen at the time that Appellant committed the sexual assaults. Further, neither party asked the trial court to make any findings regarding the victims' ages, and the trial court did not make any such findings either in its rulings or its judgments. After the trial court convicted Appellant of both charged offenses and assessed his punishment for each offense, the sentences were ordered to be served consecutively.

## II. *Standard of Review*

We review a trial court's decision to cumulate sentences for an abuse of discretion. *Byrd v. State*, 499 S.W.3d 443, 446 (Tex. Crim. App. 2016). "'Normally, the trial [court] has absolute discretion to cumulate sentences,' so long as the law authorizes the imposition of cumulative sentences." *Id.* (quoting *Smith v. State*, 575 S.W.2d 41, 41 (Tex. Crim. App. 1979)). A trial court abuses its discretion if it orders consecutive sentences when the law only permits concurrent sentences. *Id.*

## III. *Analysis*

At the outset, we note that a complaint that a cumulation order is unlawful may be raised for the first time on appeal. *See Ex parte Carter*, 521 S.W.3d 344, 347 (Tex. Crim. App. 2017) ("[Section] 3.03 confers a *Marin* waiver-only right—a right that must be implemented unless affirmatively waived.") (citing *Ex parte McJunkins*, 954 S.W.2d 39, 40–41 (Tex. Crim. App. 1997)).

Article 42.08 of the Code of Criminal Procedure generally affords a trial court the discretion to cumulate sentences that are imposed against a defendant who is convicted of two or more offenses. TEX. CODE. CRIM. PROC. ANN. art. 42.08(a) (West 2018). However, Section 3.03 of the Penal Code provides that, generally, sentences imposed against a defendant shall be served concurrently "[w]hen the [defendant] is found guilty of more than one offense arising out of the same criminal episode prosecuted in a single criminal action." *Middleton v. State*, 634 S.W.3d 46, 49 (Tex. Crim. App. 2021) (quoting PENAL § 3.03(a)). A "criminal episode" is the commission of the same or similar offenses, as opposed to a "single criminal action" which refers to a single trial or plea proceeding. PENAL § 3.01 (defining "criminal episode); *Middleton*, 634 S.W.3d at 50 (defining "single criminal action") (citing *LaPorte v. State*, 840 S.W.2d 412, 414 (Tex. Crim. App. 1992)).

3

Section 3.03 contains exceptions to this general sentencing rule: the trial court may cumulate sentences if each sentence imposed is based on a conviction for an offense that is specified in the subsections enumerated in Section 3.03(b). PENAL § 3.03(b); *see Miles v. State*, 506 S.W.3d 485, 486 (Tex. Crim. App. 2016). Among the offenses excepted from the general rule is the offense of sexual assault that is committed against a victim that is younger than seventeen years of age. PENAL §§ 3.03(b)(2)(A), 22.011(a)(2), (c)(1).

The trial court's decision to cumulate sentences is a purely normative and discretionary act; aside from a few specific instances where the range of punishment depends upon the determination of discrete facts, the decision as to what punishment to assess is not intrinsically fact bound. *Barrow v. State*, 207 S.W.3d 377, 380–81 (Tex. Crim. App. 2006). Because an unlawful cumulation order signed by the trial court does not constitute reversible error, the appropriate remedy is to reform the trial court's judgment and delete the unlawful order. *See Sullivan v. State*, 387 S.W.3d 649, 653 (Tex. Crim. App. 2013) (citing *Morris v. State*, 301 S.W.3d 281, 294 (Tex. Crim. App. 2009)); *Beedy v. State*, 250 S.W.3d 107, 114 (Tex. Crim. App. 2008).

In this case, Appellant and the State now agree that the trial court abused its discretion when it cumulated Appellant's sentences. The dispute on appeal concerns which remedy we should order to correct this oversight.

Appellant argues that the victims' testimony undisputedly establishes that each victim was seventeen years of age or older at the time that Appellant committed each charged offense. He further points out that neither indictment alleges that the victims were under the age of seventeen, nor did the State attempt to establish these facts at trial. The trial court's judgments of conviction, which order the cumulation of Appellant's sentences, also do not recite the ages of the victims. As such,

4

Appellant asserts that the trial court's cumulation order was unlawful and should be deleted. We agree.

The State contends that, unlike other offenses referenced in Section 3.03(b), the offense of sexual assault does not per se involve victims under the age of seventeen. *See* PENAL §§ 3.03(b)(2), 22.011(a)–(b), (c)(1). Thus, the State asserts, because the trial court's authority to cumulate sentences for sexual assault convictions turns on whether the victims were under the age of seventeen, the context in this case is one of several unusual circumstances in which the trial court's assessment of punishment is not a purely normative, discretionary function, but instead relies on "the determination of discrete facts." *See Barrow*, 207 S.W.3d at 380–81. Consequently, the State avers that the proper disposition of Appellant's complaint is to remand both cases to the trial court for a new sentencing hearing.

The State cites *Barrow* in support of its assertion that the trial court's cumulation order turns on a finding of fact; however, *Barrow* is inapposite. There, the Court of Criminal Appeals held that a trial court's authority to cumulate sentences does not violate the Fifth or Sixth Amendments to the United States Constitution. *Id.* The court also stated that cumulation has an "essentially normative, non-fact-bound character."[1] *Id.* at 381; *see Espinoza v. State*, No. 11-19-

---

[1]The State also contends that, because other statutes condition certain punishments based on a victim's age, we should treat Section 3.03(b) similarly to how courts have construed these other statutes. *See Diaz v. State*, No. 01-18-00636-CR, 2020 WL 2026320 (Tex. App.—Houston [1st Dist.] April 28, 2020, no pet.) (mem. op., not designated for publication) (treating a finding that the victim was under the age of six in an aggravated sexual assault as a punishment enhancement); *Gumtow v. State*, 03-18-00077-CR, 2019 WL 6869949 (Tex. App.—Austin Dec. 12, 2019, no pet.) (mem. op., not designated for publication) (submitting the victim's age to the jury as a special issue in its punishment verdict under Article 42A.056). For similar reasons, these examples are also inapposite.

The State references Section 22.021, which specifically contains an enhanced punishment range when the offense of sexual assault is committed against victims under the ages of six and fourteen. PENAL § 22.021(2)(f). Section 22.011 contains no such enhancement, and any such enhancement pertains only to the punishment *range* for the convicted offense rather than the trial court's authority to cumulate sentences. The State also references Article 42A.056(4) of the Code of Criminal Procedure, which precludes a

00232-CR, 2022 WL 3903774, at *12 (Tex. App.—Eastland Aug. 31, 2022, pet. ref'd) (mem. op., not designated for publication) (reiterating *Barrow*'s holding that cumulation is a purely normative process that does not turn on any discrete findings of fact by the trial court).

Here, Appellant was charged with and convicted of two separate sexual assault offenses, and it is undisputed that these offenses occurred within the same criminal episode. Nothing in the indictments, the evidence, or the trial court's judgments indicates that either victim was, or could have been, under the age of seventeen at the time that Appellant sexually assaulted them.[2] Thus, additional information is not required to conclude that the offenses for which Appellant was convicted are not among those where the cumulation of multiple sentences is permitted under Section 3.03. *See* PENAL § 3.03(b). Therefore, we hold that the trial court's cumulation order is unlawful and should be vacated. *Byrd*, 499 S.W.3d at 446; *see also Green v. State*, No. 11-16-00107-CR, 2017 WL 2704069, at *1–2 (Tex. App.—Eastland June 15, 2017, no pet.) (mem. op., not designated for publication) (the trial court's cumulation order was vacated because the victim was older than seventeen years of age at the time the defendant committed the sexual assaults).

---

defendant's eligibility for jury-recommended community supervision if the defendant has been convicted of an offense under Section 22.011 and the victim of the offense was under fourteen years of age at the time the offense was committed. CRIM. PROC. art. 42A.056(4) (West Supp. 2022). However, neither of these statutes pertain to the issue before us.

[2]In fact, the only evidence in the record of the victims' ages shows that neither of them could have been under seventeen years of age at the times that Appellant sexually assaulted each victim. These offenses, as charged in the indictments, occurred on or about March 9 and November 1, 2019, respectively. The victims testified that, at the time of trial, they were twenty-one and twenty-two years of age, respectively. Appellant was convicted of both offenses and the sentences were imposed by the trial court on March 22, 2022. Because slightly more than three years had passed between the date of the earliest charged offense and the date of Appellant's trial, neither victim could have been younger than eighteen years of age, much less younger than seventeen, when they were sexually assaulted by Appellant.

Because the trial court abused its discretion when it cumulated Appellant's sentences and signed the cumulation order, we sustain Appellant's sole issue on appeal.

## IV. *This Court's Ruling*

We modify the judgments of the trial court in both cause numbers (1) to vacate the cumulation order and (2) to show that the sentences imposed against Appellant in both cause numbers shall be served concurrently. As modified, we affirm the judgments of the trial court. *See* TEX. R. APP. P. 43.2(b).

W. STACY TROTTER

JUSTICE

July 27, 2023

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Bailey, C.J.,
Trotter, J., and Williams, J.

7